**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

          Plaintiff,

   vs.                    **Case No. 09-40029-01-RDR**

DENECO MAURICE SCALES,

          Defendant.

_____

**O R D E R**

This matter is presently before the court upon defendant's pro
se motion for appointment of counsel for a motion for reduction of
sentence pursuant to 18 U.S.C. § 3582(c)(2).  Although the
defendant offers several arguments why he is entitled to relief
under § 3582(c)(2), he clearly states that he is only seeking
appointment of counsel.  Accordingly, the court shall limit its
consideration to this issue.

In his motion, the defendant states that he seeks counsel to
address the new provisions of the Fair Sentencing Act of 2010
(FSA), Pub.L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010), which
imposed an 18:1 cocaine base to powder cocaine sentencing ratio.
The FSA amended the statute that provides penalties for cocaine and
cocaine base, 21 U.S.C. § 841(b), which sets minimum and mandatory
punishments.  In accord with the FSA, the United States Sentencing
Commission has lowered the guidelines to reflect this change.
These amendments are scheduled to become effective on November 1,

2011.

The background of this case suggests that the defendant's motion should be denied for several reasons. The defendant entered a plea of guilty pursuant to a plea agreement to possession with intent to distribute 3.2 grams of cocaine base within 1000 feet of a public or private playground in violation of 21 U.S.C. § 841(a)(1). The plea agreement provided that the government would recommend a sentence of 120 months. In the presentence report, it was determined that the defendant was a career offender under U.S.S.G. § 4B1.1. As a result, the defendant's guidelines range was 188 to 235 months. Drug quantity did not affect determination of the guidelines range. Moreover, in the plea agreement, the defendant agreed to waive any future challenges under 18 U.S.C. § 3582(c)(2). The court sentenced the defendant to a term of imprisonment of 120 months, in accordance with the recommendation of the government. In doing so, the court noted that the defendant's designation as a career offender overstated his criminal history.

Relying upon United States v. Freeman, 131 S.Ct. 2685 (2011), the defendant contends that he is entitled to relief under the FSA. He suggests that Freeman indicates that he can obtain relief under § 3582(c)(2) even though he qualified as a career offender under the guidelines.

The court is not entirely convinced that Freeman is supportive

2

of the defendant's argument.   In <u>Freeman</u>, the Supreme Court determined, in a split majority opinion, that defendants who are sentenced in accordance with binding agreements under Rule 11(c)(1)(C) may in some cases be eligible for relief under § 3582(c)(2).   Justice Sotomayor indicated in her controlling concurrence that a Rule 11(c)(1)(C) sentence is eligible for such relief where the agreement "expressly uses a Guidelines sentencing range to establish the term of imprisonment." <u>Id</u>. at 2698 (Sotomayor, J., concurring in the judgment).

Even assuming that <u>Freeman</u> allows the defendant some relief, the court is not persuaded at this time that the FSA applies to the defendant because the FSA has not been found to be retroactive and does not apply to offenses committed prior to its enactment. <u>United States v. Lewis</u>, 625 F.3d 1224, 1228 (10th Cir. 2010); <u>see also</u> <u>United States v. Bell</u>, 624 F.3d 803, 814-15 (7th Cir. 2010); <u>United States v. Carradine</u>, 621 F.3d 575, 580 (6th Cir. 2010).   The FSA was enacted on August 3, 2010 but, as noted above, the permanent guideline is not scheduled to take effect until November 1, 2011.   <u>See</u> <u>United States v. Douglas</u>, 644 F.3d 39 (1st Cir. 2011) (setting forth the time line of the relevant developments).   On July 1, 2011, the Sentencing Commission announced that its amendments to the crack-cocaine sentencing guidelines would become retroactive effective November 1, 2011, absent congressional action to the contrary.   <u>See</u> News Release, U.S. Sentencing Commission,

U.S. Sentencing Commission Votes Unanimously to Apply Fair Sentencing Act of 2010 Amendment to the Federal Sentencing Guidelines Retroactively (June 30, 2011), available at http:// www. ussc. gov/ Legislative_ and_ Public_ Affairs/ Newsroom/ Press_ Releases/ 20110630_ Press_ Release. pdf.  Unless Congress halts the Commission's plans, retroactivity will accompany the permanent amendment when that amendment takes effect on November 1, 2011.  No matter how this turns out, however, the defendant's request for resentencing under the new guideline regime is premature.  See United States v. Williams, 630 F.3d 44, 52–53 (1st Cir. 2010) (concluding that appellant's request for retroactive application of guideline amendment was premature because the Commission had yet to issue the permanent guideline amendment or determine whether that amendment would apply retroactively), cert. denied, 131 S.Ct. 2122 (2011).  If and when the permanent amendment becomes retroactive, the defendant "is free to petition for resentencing pursuant to 18 U.S.C. § 3582(c)(2)."  Id. at 53.

There is no constitutional right to counsel in a § 3582(c)(2) proceeding.  United States v. Olden, 296 Fed.Appx. 671, 674 (10th Cir. 2008).  The decision whether to appoint counsel is left to the court's discretion.  Id.

The court shall deny defendant's application for appointment of counsel due to the following problems that are present in this case:  (1) the waiver contained in the defendant's plea agreement;

(2) the tenuous application of <u>Freeman</u> with the agreement contained in the plea agreement for a sentence of 120 months in spite of the application of the career offender provisions; and (3) the prematurity of a § 3582(c)(2) motion.  The defendant can file a motion for relief under § 3582(c)(2) at the appropriate time and the court will then consider whether defendant is entitled to relief.

**IT IS THEREFORE ORDERED** that defendant's motion for appointment of counsel (Doc. # 30) is hereby denied.

**IT IS SO ORDERED.**

Dated this 11th day of October, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge